AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

**All funds on deposit in Wachovia Bank account number xxxxxxxxxx5643, in the name of Terrence O. Carter, up to the amount of $46,749.85.**

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

I, _____Debra L. LaPrevotte_____ being duly sworn depose and say:

I am a(n) __Special Agent with the Federal Bureau of Investigation__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely  (describe the property to be seized)

all funds on deposit in Wachovia Bank account number xxxxxxxxxx5643, in the name Terrence O. Carter, up to the amount of $46,749.85.

which are (state one or more bases for seizure under the United States Code)

funds traceable to or derived from violations of Title 18, United States Code, Section 1344 (bank fraud) and are therefore subject to seizure and forfeiture

concerning a violation of Title 18 United States Code, Section(s) 981(a)(1)(C) . The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

William R. Cowden
Asset Forfeiture Unit, Criminal Division
(202) 307-0258

Signature of Affiant
Debra L. LaPrevotte, Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____   _____
Name and Title of Judicial Officer                              Signature of Judicial Officer

**AFFIDAVIT OF SPECIAL AGENT DEBRA L. LaPREVOTTE**

DEBRA L. LaPREVOTTE, being duly sworn, deposes and states as follows:

**INTRODUCTION**

1. I am a Special Agent employed by the Federal Bureau of Investigation (FBI). I have been so employed for ten (10) years. Currently, I am assigned to the Asset Forfeiture/ Money Laundering Squad in the FBI's Washington, D.C., Field Division (Northern Virginia Resident Agency). My investigative assignments include investigating the asset forfeiture aspects of suspected violations of the federal anti-money laundering statutes (18 U.S.C. §§ 1956 and 1957), as well mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), and health care fraud (18 U.S.C. § 1347) violations. I have received extensive training in Advanced Money Laundering Techniques and Complex Financial Manipulation.

2. I am currently assisting the Metropolitan Police Department, Washington, D.C. with this investigation.

3. This affidavit is in support of seizure warrants for the following item: **all funds in account #xxxxxxxxxx5643 at Wachovia Bank, in the name of Terrence O. Carter, up to the amount of $46,749.85**.

4. This affidavit is based on my own investigation, my review of e-mails and other records, as well as information that I have learned through communications with witnesses and other law enforcement personnel.

5. Because this affidavit is being submitted for the limited purpose of setting forth probable cause, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are sufficient to establish probable

cause as to the forfeitability of funds and other things of value in the bank account identified in paragraph 3 above. As set forth herein, there is probable cause to believe that such funds are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(C) because they constitute proceeds traceable to a violation of 18 U.S.C. § 1344 (bank fraud).

## PROBABLE CAUSE

6. On September 22, 2006, Ken Marter, comptroller for the Medical Faculty Associates, Inc. (a faculty practice plan affiliated with George Washington University's medical system), reported to the Metropolitan Police Department that Terrence Carter (henceforth Carter), a former employee, falsified work hours payroll forms under the name of three separate physicians and submitted the hours for payment into his own bank account. Based on Carter's actions, in excess of $47,000 in funds, that had been under the custody or control of BB&T Bank were stolen from the Medical Faculty Associates, Inc. bank account at BB&T Bank (a "financial institution" within the meaning of 18 U.S.C. § 20) and diverted to the Wachovia Bank, account #xxxxxxxxx5643, in the name of Terrence O. Carter.

7. Carter was employed by the Medical Faculty Associates, Inc. since May 2006 as a payroll analyst. As part of his duties, Carter would document the work hours of each physician and submit the hours for payment on behalf of the physicians. On September 8, 2006, Carter stopped reporting to work. On September 28, 2006, Carter was officially terminated from the company. After Carter's termination, it was discovered that Carter had been filling out physician payroll forms with false information and was altering the physician's bank account information. These false entries caused the payroll funds to be directed (through interstate wire transmissions) from Medical Faculty Associates, Inc.'s account at BB&T to its payroll processing company's

account at Deutcsh Bank in New York and, thereafter, into to Carter's personal account, #xxxxxxxxxx5643, at Wachovia Bank.

8. Your affiant has reviewed bank records for Carter's Wachovia Bank account #xxxxxxxxxx5643, for the time period of May 16, 2006 through September 15, 2006. During this time frame, operating his fraud scheme, Carter caused the following funds to be deposited from the Medical Faculty Associates, Inc. bank account into Carter's bank account:

| Date | Amount |
| --- | --- |
| 6/02/06 | $2,542.03 |
| 6/2/06 | $2,544.59 |
| 6/16/06 | $3,694.00 |
| 6/30/06 | $8,235.00 |
| 7/14/06 | $3,324.60 |
| 7/14/06 | $3,694.00 |
| 7/28/06 | $3,324.60 |
| 7/28/06 | $3,694.00 |
| 7/31/06 | $12,725.00 |
| 8/25/06 | $3,694.00 |
| TOTAL | $47,471.82 |

9. Your affiant is aware that Terrence Carter pled guilty to a criminal offense filed in the Superior Court for the District of Columbia related to the above-described theft of funds from the Medical Faculty Associates, Inc.

10. I am advised that, in pertinent part, 18 U.S.C. § 984(b) provides:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution -
>
>> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the

forfeiture shall be subject to forfeiture under this section.

I am advised that, in essence, Section 984 allows the United States to seize for civil forfeiture identical ("fungible") property found in the same place where the "guilty" property had been kept.  See United States v. All Funds Presently on Deposit at American Express Bank, 832 F. Supp. 542, 558 (E.D.N.Y. 1993).  I am further advised that the "fungibility" rule of Section 984 cannot reach back in time for an unlimited period.  Section 984(b) provides:  "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

11.  I am advised that 18 U.S.C. § 981(b)(3), provides that "a seizure warrant may be issued . . . by a judicial officer in any district in which a forfeiture action against the property may be filed under Section 1355(b) of Title 28, *and may be executed in any district in which the property is found . . . .*"  Accordingly, this District Court may issue and cause to be served in any other district the requested seizure warrants.

## CONCLUSION

12.  Based on the information contained in this affidavit, there is probable cause to believe that funds currently on account at Wachovia Bank, in account #xxxxxxxxxx5643, up to at least $47,471.82, are the proceeds of Carter's scheme to defraud the Medical Faculty Associates, Inc. of its money that was on deposit with and under the custody or control of BB&T bank, a financial institution, in violation of Title 18 U.S.C. § 1344 (bank fraud).  Thus, funds in the Wachovia Bank account are subject to seizure and forfeiture under 18 U.S.C. § 981(a)(1)(A). It is therefore respectfully requested that a seizure warrant be issued for the following:  **all funds in account #xxxxxxxxxx5643 at Wachovia Bank, in the name of Terrence O. Carter, up to**

**the amount of $46,749.85.**

_____
Debra LaPrevotte
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this \_\_\_\_\_ day of October, 2006.


_____
United States Magistrate Judge